UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV487-3-W
(3:05CR104-5-W)

| | |
|---|---|
| KOJI S. STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration or in the Alternative, Issuance of a Certificate of Appealibility (sic)" filed November 18, 2008 (Document No. 5.) For the reasons stated herein, Petitioner's Motion for Reconsideration is dismissed.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on April 25, 2005, the Petitioner was charged in three counts of a six-count Bill of Indictment. Count One charged each defendant with conspiracy to possess with intent to distribute a detectable amount of cocaine and cocaine base in violation of 21 U.S.C. § 846 and 841 (b)(1)(A). Count Two charged Petitioner and others with knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and 18 U.S.C. § 2. Count Three charged Petitioner with using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Case No. 3:05cr104, Doc. No. 10.) On July 6, 2005, the Government filed an § 851 Notice providing notice to the Petitioner that the

1

Government was relying on his prior felony drug convictions for sentencing purposes. (Case No. 3:05cr104, Doc. No. 172.) On July 17, 2006, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Counts One and Two and Count Three would be dismissed at the time of sentencing. (Case No. 3:05cr487, Doc. No. 320.) By the terms of the Plea Agreement, the parties stipulated that the amount of cocaine that was known to or reasonably foreseeable by the defendant was at least 50 kilograms but less than 150 kilograms. With respect to the amount of cocaine base, the parties agreed that the amount that was reasonably foreseeable by the defendant was at least 1.5 kilograms. (Id. ¶ 7(a).) Petitioner expressly waived his right to directly appeal his conviction or sentence, or to collaterally attack those matters on any grounds except ineffective assistance of counsel, prosecutorial misconduct or "the sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals." (Id. ¶ 20.)

On August 1, 2006, Petitioner appeared before Magistrate Judge David Keesler for a Plea and Rule 11 Hearing. (Case No. 3:05cr104, Doc. No. 331.) At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (Id.) After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea. ( Id.)

On December 10, 2007, the undersigned granted the Government's motion for departure

pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18 U.S.C. § 3553(e) and sentenced Petitioner to 188 months imprisonment and 15 years of supervised release. (Case No. 3:05cr104, Doc. No. 539.)

Petitioner did not file a Notice of Appeal, but instead filed a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 on October 27, 2008 in which he claimed that his counsel was ineffective and that he received an erroneous firearm enhancement.

By Order dated October 30, 2008, this Court denied and dismissed Petitioner's Motion to Vacate (Document. No. 3.) Petitioner now asks this Court to reconsider its Order arguing the very same issues presented in his Motion to Vacate.

## II. ANALYSIS

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "The Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id., quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

None of these avenues of relief cited above is apposite here, since none arises naturally from the contentions made in Petitioner's motion. Petitioner has not cited an intervening change in the

3

law, new evidence not previously available, or a clear error of law. Rather, by filing this motion, Petitioner essentially seeks to relitigate the claims raised in his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated October 30, 2008. Petitioner's motion is simply a restatement of his previous Motion to Vacate which included a claim attacking his sentence. This is generally not permitted and is considered to be a successive petition.

A successive petition is available only in limited circumstances and while Petitioner names his Motion a Rule 59(e) Motion to Alter or Amend, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition.[1] New legal arguments

---

[1] The Court is aware that at least one circuit, has concluded that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments. Curry v. United States, 307 F.3d 664 (7th Cir. 2002). However, several other courts have reached the opposite conclusion. See United States v. Bovie, 28 Fed. Appx. 734 (10th Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here: for purposes of successive petition analysis); Peterson v. Brennan, 2004 WL 1505253, n. 9 (E.D. Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitioner); United States v. Culp, 2001 WL 789417 (D. Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petitioner under AEDPA); Bisaccia v. United States, 2000 WL 1677747 (E.D.N.Y. September 18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); Alley v. Bell, 101 F.Supp2d 588, 669 (W.D.Tenn. 2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within the category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 WL 512991 (E.D.La. August 14, 1998) (construing Rule 59(e) motions as a second § 2255 petition.) Indeed, the Fourth Circuit seems to have rejected an across the board rule and instead requires courts to examine the substance of the particular motion to reconsider in order to determine whether it is actually equivalent to a successive petition. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (holding that district court must examine motions to reconsider in

or proffers of additional evidence will generally indicate that the prisoner is not seeking the relief available pursuant to a motion for reconsideration, but instead, is continuing his collateral attack on his conviction or sentence. However, an example of a proper motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. United States v. Winestock, 340 F.3d 200206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and therefore, this Court will construe his motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration

---

collateral review cases to determine whether they are tantamount to successive application).

is dismissed because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals. To the extent Petitioner seeks to file a Certificate of Appealability, he may file such motion in the Fourth Circuit Court of Appeals. 28 U.S.C. § 2254(c)(1)(B).

**SO ORDERED**.

Signed: November 24, 2008

Frank D. Whitney
United States District Judge